**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

BILLY J. ASHLEY                              )
                                             )
                          Petitioner,        )
          vs.                                )          2:09-cv-354-LJM-JMS
                                             )
SUPT. BRUCE LEMMON,                          )
                                             )
                          Respondent.        )

### Entry Discussing Petition for Writ of Habeas Corpus

Billy Ashley's ("Ashley") petition for a writ of habeas corpus is subject to the preliminary review required by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts*. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

Ashley challenges the validity of a prison disciplinary proceeding. Ashley's six claims in this action are the following: 1) the investigator never interviewed any of the offender witnesses, in violation of Department of Correction ("DOC") policies and procedures; 2) Ashley was denied access to a copy of the victim/witness' statement before the hearing, in violation of DOC policies and procedures; 3) the failure to record the reason for the denial of the witness/victim statement was, in violation of DOC policies and procedures; 4) the guilt determination based only on preponderance of evidence violated DOC policies and procedures; 5) Ashley's due process rights were violated because his appeal was not reviewed by an impartial decision maker; and 6) the Final Reviewing Authority considered evidence that was not recorded as evidence, in violation of DOC policies and procedures.

Ashley's claims must be summarily dismissed. His first, second, third, fourth and sixth claims are that authorities violated state prison regulations and policies in the disciplinary proceeding he challenges here. This theory has been soundly rejected. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)("Federal habeas corpus relief does not lie for errors of state law" because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The mere violation of a prison policy does not constitute a cognizable claim under 28 U.S.C. § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied,* 516 U.S. 983 (1995).

Ashley's fifth and sixth claim relate to an impartial decision maker on appeal and improper evidence considered by the Final Reviewing Authority. These claims are dismissed as legally insufficient as not recognizing concerns and interests recognized by *Wolff* and its progeny as among the limited rights mandate by due process in this setting. The lower federal courts are not empowered to expand upon those requirements.

Furthermore, Ashley's second claim in this case is that he was denied access to a copy of the victim/witness' statement before the hearing. This may be factual, but is of no consequence, constitutionally, because advance disclosure of the evidence supporting the charge is not required by *Wolff v. McDonnell,* 418 U.S. 539 (1974)*,* which only requires advance *notice of the charge.* To the extent the claim merely rests on the asserted failure of prison authorities to adhere to provisions of a prison handbook directing that such disclosure be made, the failure to adhere to prison guidelines it not itself a basis for awarding the relief Ashley seeks.

Because the petition shows on its face that Ashley is not entitled to the relief he seeks, the petition is summarily dismissed pursuant to *Rule 4.* Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/09/2009

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana